IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LAWRENCE RUPERT SMITH, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 114-228 |
| WARDEN EDWARD TED PHILBIN, Jimmy Autry State Prison, | ) ) ) ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* ("IFP") be **DENIED AS MOOT** (doc. nos. 2), this case be **DISMISSED**, and this civil action be **CLOSED**.

### I. BACKGROUND

Petitioner pled guilty in 2003 to charges of child molestation and aggravated child molestation in the Superior Court of Richmond County, Georgia. (Doc. no. 1, p. 2.) In 2006, after having already filed two state habeas petitions, Petitioner filed a § 2254 petition concerning the 2003 conviction. Smith v. Ammons, CV 106-059 (S.D. Ga. May 8, 2006). In his first § 2254 petition, Petitioner claimed he was denied effective assistance of counsel, he did not

knowingly, intelligently, and voluntarily plead guilty, his rights under the Vienna convention were violated by the arresting officer, and the state habeas court violated his constitutional rights by not allowing him to fully state his claims for relief. Id.; doc. nos. 1, 4. The Court denied the first § 2254 petition, and the Eleventh Circuit Court of Appeals denied Petitioner's motion for a certificate of appealability. Id.; doc. nos. 35, 45, 51.

In his current petition, Petitioner again argues that he did not knowingly, intelligently, and voluntarily plead guilty. (Doc. no. 1, pp. 4-5.) He also adds new claims that (1) the trial court violated Georgia law by failing to inform him of the immigration consequences of his guilty plea, (2) trial counsel was ineffective because he failed to inform Petitioner of the immigration consequences of his guilty plea, and (3) trial counsel was ineffective because he failed to object when the trial court violated Georgia law by failing to inform Petitioner of the immigration consequences of his guilty plea. (Id. at 5.)

## II. DISCUSSION

### A. Nature of the Petition.

Petitioner titles his petition as one brought under both 28 U.S.C. §§ 2241 and 2254. (Doc. no. 1, p. 1.) The label placed on the petition by Petitioner does not prevent the Court from considering the filing for what the substance shows it to be, namely a request for relief pursuant to 28 U.S.C. § 2254. Indeed, the Eleventh Circuit has endorsed the practice of looking beyond the title of a document in order to properly analyze its substance. See, e.g., Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (looking past "artfully" labeled filing to apply limit on second or successive habeas petitions); Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) ("We look at the kind of relief Appellant seeks

2

from the federal courts and conclude that, however the Appellant described it [motion for stay of execution], the motion was for habeas corpus relief.").

An examination of the instant petition shows that it is a request for the type of relief afforded by 28 U.S.C. § 2254. According to the relevant provisions of § 2254:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Here, there is no question that Petitioner is "in custody pursuant to the judgment of a State court." Nor is there any question that he is attempting to attack the underlying basis of his convictions that led to his current incarceration.

Petitioner also cannot circumvent the more restrictive requirements of § 2254 by invoking § 2241:

> [A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ—to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, *e.g.*, a pre-trial bond order, then his petition is not subject to § 2254.

Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004).

Here, Petitioner does not offer any valid reason for bringing his request for relief under § 2241 rather than under § 2254. Instead, he simply launches into the reasons he believes that his convictions should be overturned. Thus, as substance governs over form, the Court will treat Petitioner's instant application for habeas corpus relief as one filed pursuant to § 2254.

Therefore, this petition is now before the Court for initial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

3

### B. The Court Lacks Authority to Address the Petition Because It Is Second or Successive.

Pursuant to the Court's power to take judicial notice of its own records and Petitioner's own acknowledgment of filing a prior federal habeas petition (doc. no. 1, p. 3), the Court **FINDS** that Petitioner has filed a prior § 2254 petition, thereby making the current petition his second concerning his 2003 state conviction. The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, Petitioner must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner does not state that he has either sought or received permission to file a second or successive § 2254 petition from the Eleventh Circuit Court of Appeals. Accordingly, this Court cannot consider Petitioner's application.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that Petitioner's

motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), this case be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of January, 2015, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA